**William BIGGS; et al., Plaintiffs,**

v.

**Pete WILSON, Governor; Kathleen Brown, Treasurer; Gray Davis, Controller; A.A. Pierce, Interim Director of the California Department of Transportation, Defendants.**

**No. Civ. S–90–0942–WBS/GGH.**

United States District Court,
E.D. California.

Oct. 3, 1991.

Joe R. McCray, Joe McCray Law Offices, San Francisco, CA.

Christopher W. Waddell, Dept. of Personnel Admin., Legal Div., Sacramento, CA.

Robert Shuman, Chief Counsel, State Controller's Office, Sacramento, CA.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

This is an action to recover damages as well as declaratory and injunctive relief based on alleged violations of the Fair Labor Standards Act (FLSA). Jurisdiction is based on 28 U.S.C. § 1331.

Plaintiffs are highway maintenance workers employed by the State of California, Department of Transportation (hereinafter CalTrans). As a result of the 1990 budget impasse plaintiffs were not paid on the scheduled payday, July 16, 1990. The State withheld the checks contending, under state law, that payroll checks could not be released for the fiscal year until a budget was approved by the Legislature and signed by the Governor. On July 28, 1990, the Legislature passed the 1990 budget. Former Governor Deukmejian signed the budget on July 31, 1990. CalTrans workers received their paychecks for the July 16 payroll, totalling $5,620,313.41, on July 30 and 31, 1990.

Both sides have moved for summary judgment under Fed.R.Civ.P. 56. In order for the court to grant either party's motion there must exist no genuine issues of material fact and one of the parties must be entitled to judgment as a matter of law. *Foster v.*

*Arcata Associates, Inc.,* 772 F.2d 1453, 1459 (9th Cir.1985), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1267, 89 L.Ed.2d 576 (1986).

■ The first issue to be decided is whether the FLSA requires that wages be paid promptly when due. The FLSA expressly requires that an employer pay each employee, regardless of sex, a minimum wage set by the Act, 29 U.S.C. § 206, and overtime compensation for hours worked in excess of 40– hours per week, 29 U.S.C. § 207, and regulates the use of child labor. 29 U.S.C. § 212. Nowhere does it expressly require that wages be paid promptly or by a date certain. The question is whether such a requirement is implicit in the Act.

When circumstances not plainly covered by the terms of a statute are subsumed by the underlying policies to which Congress was committed, courts should endeavor to give statutory language that meaning which nurtures the policies underlying the legislation. *United States v. Sisson,* 399 U.S. 267, 297– 98, 90 S.Ct. 2117, 2133–34, 26 L.Ed.2d 608 (1970). The legislative history of the FLSA shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945). A judicial pronouncement that there is no requirement that the worker be paid on time would leave the worker totally unprotected and subject to the whims of the employer as to when wages would be paid. Such a result would be inconsistent with the objectives of the Act which include the elimination of labor conditions detrimental to the *maintenance* of a minimum standard of living necessary for the health, efficiency, and general well-being of employees. *Fleming v.*

*Cudahy Packing Co.,* 41 F.Supp. 910 (S.D.Cal.1941).

Moreover, the liquidated damage clause of 29 U.S.C. § 216(b) "constitutes a Congressional recognition that the failure to pay the statutory minimum *on time* may be so detrimental to the *maintenance* of the minimum standard of living 'necessary for the health, efficiency and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay...." *Brooklyn Savings Bank,* 324 U.S. at 707, 65 S.Ct. at 902. [Emphasis added.][1]

Surprisingly, no cases have been brought to the court's attention which deal directly with the issue before the court.[2] Defendants argue that if Congress had intended and the Department of Labor had interpreted the FLSA to implicitly include a requirement of prompt payment, there would be no shortage of cases in this area. This absence of case authority, however, cannot be regarded as support for the contention that there is no such requirement implicit in the FLSA. Where the meaning of the statute cannot be determined convincingly from the statute itself, the stated policy of the Act, or its legislative history, the court must look to judicial pronouncements in cases which are not without pertinency. *Wirtz v. TiTi Peat Humus Co.,* 373 F.2d 209, 212 (4th Cir.), *cert. denied.* 389 U.S. 834, 88 S.Ct. 37, 19 L.Ed.2d 94 (1967). Albeit in dicta, the courts have, on previous occasion, read into the Act a requirement of prompt payment. This court must give appropriate weight to those judicial pronouncements.

In *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 115, 66 S.Ct. 925, 928, 90 L.Ed. 1114, (1946)[3] the Supreme Court reaffirmed that "The same policy which forbids waiver of the

1. This case was decided before Congress amended the FLSA in 1947 to allow judges to exercise discretion in awarding liquidating damages. Thus much of the language speaks to the mandatory nature of liquidated damages under the Act. However the subsequent amendment of the Act does not affect the validity of these cases as support for the proposition that the FLSA contains an implied requirement of prompt payment.

2. Plaintiff asserts that a similar issue was presented in *United States v. Klinghoffer Bros.,* 285

F.2d 487 (2d Cir.1960). That case held that "[w]hile the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities, and codified in interpretative regulation, 29 C.F.R. 777.2(a) ..." *Id.* at 491. However, the regulation upon which that opinion is based does not appear in the Code of Federal Regulations, thus leading the court to conclude that it has been repealed.

3. See footnote 1.

statutory minimum as necessary to the free flow of commerce requires that reparations to restore damage done by [the] failure *to pay on time* must be made to accomplish Congressional purposes." (Quoting from *Brooklyn Savings Bank*, 324 U.S. at 708, 65 S.Ct. at 902.) [Emphasis added].

Also, in *Atlantic Co. v. Broughton*, 146 F.2d 480, 481–482, (5th Cir.1944),[4] the Fifth Circuit stated:

> ... if an employer *on any regular payment date fails to pay* the full amount of the minimum wages and overtime compensation due an employee, there immediately arises an obligation upon the employer to pay the employee the difference between the wages paid and the wages due, plus an equal additional amount as liquidated damages ... (emphasis added).

The *Schulte* Court was addressing, and condemning, *compromises of real disputes over coverage under the FLSA which do not require the payment in full of unpaid wages and liquidated damages.* However, the policy implications which are stated in the opinion are applicable in the instant case. The FLSA was intended to protect the worker whom Congress regarded as having unequal bargaining power. That protection must necessarily extend to the employee who is not paid his wages on the date due.

In requiring that employees be paid minimum wages, the FLSA surely must contemplate that those wages be paid promptly when due. Suppose that instead of being withheld for two weeks, the wages had been withheld for two months or even two years. During those months or years the employees would not receive the minimum wage—they would receive no wage at all. Clearly this is not what the Act contemplates. Therefore, in the absence of any authority to the contrary and in accord with the policy considerations which prompted Congress to enact the FLSA and the pronouncements of the Supreme Court, this court finds that the Act contains an implied requirement that wages be paid promptly when due.

The requirement of prompt payment should not be construed to impose strict lia-bility on an employer for every delay in payment, however slight or for whatever reason. Indeed, such a result would threaten to bring about the financial ruin of many employers, seriously impair the capital resources of many others, provide a windfall to employees, and burden the court with excessive and needless litigation, all in direct contravention to the expressed intent of Congress. See 29 U.S.C. § 251(a)(1), (4) and (7). Instead, it must be interpreted to require payment which is reasonably prompt under the totality of the circumstances in the individual case. This interpretation is consistent with the long-established customs, practices, and contracts between employees and employers which Congress sought to revive in enacting the amendment to the statute. See *Id.* at § 251(a). For it has long been recognized that in the absence of a provision indicating that time is of the essence, a party is entitled reasonable time to perform. John D. Calamari & Joseph M. Perillo, *Contracts* § 11–22 at 410. (2nd ed. 1977).

Defendants do not argue that plaintiffs received their paychecks for the July 16 payroll promptly. Rather they argue that the FLSA contains no express or implied requirement of prompt payment and that issuance of plaintiffs' paychecks in the absence of a budget would have been illegal under their interpretation of state law. The record shows that the responsible state officials elected voluntarily and unnecessarily to withhold payment of plaintiffs' wages when due. In light of these circumstances, the court finds that the wages due to plaintiffs on July 16 were not paid with reasonable promptness as required by the FLSA.

■ The second issue to be decided is whether the requirement of the FLSA that wages be paid with reasonable promptness violates the tenth amendment or the state sovereignty doctrine when applied to the State of California. Defendants contend that plaintiffs did not receive their mid-month paychecks on the regularly-scheduled payday because warrants cannot be drawn on the state treasury and issued by the Controller

4. See footnote 1.

until an appropriation has been made by the Legislature. *Stanson v. Mott,* 17 Cal.3d 206, 216, 130 Cal.Rptr. 697, 551 P.2d 1 (1976). Plaintiffs counter that the state is authorized by its own statutes to make payments for payroll purposes in the absence of a budget. The court does not reach this issue because irrespective of which interpretation of the state law is state law is correct, the lack of a budget does not overcome the operation of the supremacy clause of the United States Constitution, Art. VI, § 2. If this requirement of prompt payment under the FLSA is in conflict with California state law the FLSA must prevail.

A finding that prompt payment is implicit in the FLSA is not precluded by the tenth amendment or the doctrine of state sovereignty. *See, e.g., Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 554, 105 S.Ct. 1005, 1019, 83 L.Ed.2d 1016 (1985). ("... we perceive nothing in the overtime and minimum-wage requirements of the FLSA ... that is destructive of state sovereignty or violative of any constitutional provision").

While conceding the applicability of *Garcia,* defendants contend that a different situation is presented in the instant case, in that if a requirement to pay employees immediately at the end of the pay period is read into the FLSA, the enforcement of such a requirement would be in derogation of the state's constitutional and statutory provisions regarding the budget process. Defendants argue that a prompt payment requirement would interfere with state sovereignty with regard to a state's own internal operations, including matters of budgeting and personnel administration. However, "The Court in *Garcia* specifically reject[ed], as unsound in principle and unworkable in practice, a rule of state immunity from federal regulation that turns on a judicial appraisal of whether a particular governmental function is 'integral' or 'traditional'." *Bratt v. Los Angeles County,* 912 F.2d 1066, 1072 (9th Cir.), *cert. denied.* 498 U.S. 1086, 111 S.Ct. 962, 112 L.Ed.2d 1049 (1990) citing *Garcia,* 469 U.S. at 546–47, 105 S.Ct. at 1015. This court will

not resurrect the line of reasoning laid to rest by *Garcia.*

## Liquidated Damages

Section 216(b) of Title 29 U.S.C. provides that

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages....

Since plaintiffs have now been paid the wages, they seek to recover not the wages themselves but an additional equal amount as liquidated damages.

Section 260 of Title 29 U.S.C. provides that

In any action ... to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

■ An employer has the burden of showing that the violation of the FLSA was in good faith and that the employer had reasonable grounds for believing that no violation took place. *Equal Employment Opportunity Comm'n v. First Citizens Bank,* 758 F.2d 397, 403 (9th Cir.), *cert. denied,* 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 228 (1985).

■ The courts have interpreted § 260 as providing for a two part inquiry.. *See Bratt v. Los Angeles County,* 912 F.2d at 1072. The first part is a subjective inquiry into the employer's good faith through an examination of whether it had "an honest intention to

ascertain what [the FLSA] requires and to act accordingly". *Id.* The second is an objective test of whether the employer had reasonable grounds for believing that its conduct complies with the Act. *Id.* These are mixed questions of law and fact. *Id.* at 1071 *citing* 29 C.F.R. § 790.22(c) (1987).

Plaintiffs have chosen not to sue their employer, the State of California, in this action. Instead, they have sued only the Governor, the Treasurer, the Controller, and the Director of the Department of Transportation.[5] For this reason alone plaintiffs' request for liquidated damages must be denied. Section 216(b) imposes liability for liquidated damages upon the employer who violates sections 206 or 207; it imposes no liability upon the officers of the employer.

■ Furthermore, defendants have produced evidence of the state's efforts to comply with FLSA including a signed declaration of Bruce N. Cain who in his professional capacity as an employee in the State of California's Department of Personnel Administration in the Policy Development Division attests to the state's extensive efforts to devise a policy which came within compliance of the Act. Those efforts reflect an honest intention to ascertain the requirements of the FLSA and to act accordingly. Moreover, the State had reasonable grounds for believing that its conduct complied with the Act because neither statutes, the applicable regulations nor the cases directly address the issue of prompt payment in the face of a state budget impasse. This case appears to be one of first impression. Therefore, in the exercise of its discretion the court would decline to award liquidated damages in this case.

■ In the absence of a liquidated damage award, prejudgment interest is necessary to fully compensate employees for the losses they have suffered, however. *Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir.1986). Plaintiffs are therefore entitled to interest on the amounts due them from July 16, 1990 to July 30 and 31, 1990.

### Injunctive Relief

The basis for injunctive relief in the federal courts is irreparable injury and the inadequacy of legal remedies. *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982). Plaintiffs have been paid the amounts withheld due to the budget impasse. Therefore there is no immediacy of harm that would warrant injunctive relief. Neither is there evidence to indicate that any harm which might result from the failure to issue a permanent injunction could not be redressed by the legal remedies provided for in the FLSA. Accordingly, the court declines to grant plaintiffs' request for injunctive relief.

### Declaratory Relief

■ Plaintiffs also seek a declaration that defendants' failure to issue pay checks promptly violates the FLSA, the United States Constitution, and the California Constitution. Declaratory relief is often an effective alternative to injunctive relief on a lesser showing. *Tierney v. Schweiker*, 718 F.2d 449, 457 (D.C.Cir.1983). Faced with an analogous situation involving the refusal to release funds for the Aid to Families with Dependent Children program due to the same budget impasse, Judge Levi recently granted declaratory relief, pointing out that the dispute which occurred over the budget impasse is likely to recur. See *Pratt v. Wilson*, 770 F.Supp. 539 (E.D.Cal.1991). The court concludes that similar relief is appropriate here. If and when the state should again find itself without a budget, the defendants and other responsible state officials are entitled to know their obligations under the FLSA. Since the court finds that the failure to issue the checks promptly when due violates the FLSA, it is unnecessary to reach plaintiffs' contention that it violates the United States Constitution or the California Constitution.

**5.** By operation of F.R.Civ.P. 25(d) defendants Pete Wilson, Kathleen Brown, and A.A. Pierce Sels have been substituted for defendants George Deukmejian, Thomas Hayes, and Robert K. Best as Governor, Treasurer and Director of the California Department of Transportation respectively.

IT IS THEREFORE DECLARED that defendants' failure to issue plaintiffs' paychecks promptly when due violates the Fair Labor Standards Act.

IT IS FURTHER ORDERED that plaintiffs' request for liquidated damages be, and the same is, hereby denied.

IT IS FURTHER ORDERED that plaintiffs' request for interest at the legal rate on the unpaid wages withheld from July 16, 1990 to July 30 and 31, 1990 is granted.

IT IS FURTHER ORDERED that plaintiffs' request for costs, including reasonable attorneys fees, is granted. Plaintiffs shall comply with the procedures set forth in Local Rules 292 and 293.