626 A.2d 683

**COUNCIL 13, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, by Its Trustee Ad Litem, Edward J. KELLER et al., Petitioners,**

Pennsylvania Social Services Union, Local 668 of the Service Employees International Union, AFL–CIO, by Its Trustee Ad Litem, Paul Krissel Intervenor Petitioner,

v.

**Robert P. CASEY, Individually and in his capacity as Governor of the Commonwealth of Pennsylvania et al., Respondents,**

Catherine Baker Knoll, State Treasurer, Intervenor Respondent.

Commonwealth Court of Pennsylvania.

Heard May 18, 1993.

Decided May 19, 1993.

Publication Ordered May 28, 1993.

Alaine S. Williams, for petitioners.

Ernest R. Closser III and Ernest D. Preate, for respondents.

Michael W. Arpey, for intervenor respondent.

CRAIG, President Judge.

Council 13, American Federation of State, County and Municipal Employees, AFL–CIO (AFSCME), and Pennsylvania Social Services Union, Local 668 of the Service Employees International Union, AFL–CIO (PSSU), together with named individual members of each of those unions, have addressed this action to the original jurisdiction of this court, seeking summary relief in the nature of declaratory judgment and peremptory mandamus against the Governor of the Commonwealth, the Secretary of the Budget and, pursuant to the intervention of the State Treasurer as a respondent, against that cabinet member also, to compel payment of wages and salaries to become due to employees of the Commonwealth required to continue performance of their duties despite the imminently expected exhaustion of the pertinent salary appropriation line items provided by Act 8A of 1992 for the fiscal year 1992–93, ending June 30, 1993.

Respondents' answers to the petitions have forthrightly acknowledged that there is no factual dispute in this matter, in that the fiscal facts before the court are established by public

records and by the admitted communications between and among the parties.

Early in the current month of May, 1993, the Executive Branch notified the unions that at least eight Executive Branch agencies would not have sufficient appropriations authority to meet payrolls starting approximately May 28, 1993. Although the court notes that one or more supplemental appropriation bills have been introduced in the General Assembly, no such supplemental appropriations bill has yet been enacted.

Faced with the necessity of having the essential work of the Commonwealth continue on May 29, 1993 and thereafter, the Governor has announced that all affected employees are expected to continue to perform their work duties. Approximately 10,000 employees of the 60,000 represented by petitioner AFSCME are affected and a substantial number of the 12,000 employees represented by PSSU are also involved.

Pennsylvania law, of course, contemplates that the Commonwealth will faithfully meet its employee compensation obligations. Administrative Code § 223, 71 P.S. § 83(a), provides that each employee "shall be paid his regular salary every other week."

However, in view of the expected exhaustion of pertinent appropriation line items by the end of May, the Administrative Code mandate is overridden by Article III, § 24, of the Pennsylvania Constitution providing that:

> No money shall be paid out of the treasury, except on appropriations made by law and on warrant issued by the proper officer. . . .

Moreover, the State Treasurer, in requesting intervention as a respondent, seeks relief in the nature of declaratory judgment to clarify her responsibilities under state and federal law, with particular reference to Pennsylvania's fiscal provision in the Act of April 6, 1870, P.L. 17, § 54, stating that:

> [I]f the state treasurer shall pay out for any appropriation named in an appropriation bill, a greater sum than is named

therein for each appropriation ... [she] shall be deemed guilty of a misdemeanor, punishable by a fine not exceeding $1,000 or imprisonment not exceeding one year, or both, for each and every offense.

72 P.S. § 3422.

■ Thus, under state law alone, the responsible state officials are under no legal compulsion to make salary payments for work performed during a period as to which no available appropriations are in effect, *see State Troopers Association v. Commonwealth,* 146 Pa.Commonwealth Ct. 467, 606 A.2d 586 (1991); *AFSCME v. Casey,* 141 Pa.Commonwealth Ct. 199, 595 A.2d 670 (1991).

The constraints of state law are reinforced by the rule that transfers of appropriations between or among line items are also prohibited. *See Shapp v. Sloan,* 480 Pa. 449, 391 A.2d 595 (1978), *appeal dismissed,* 440 U.S. 942, 99 S.Ct. 1415, 59 L.Ed.2d 630 (1979).

■ However, in this case, petitioners have cited, and respondents have recognized, the potential applicability of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (federal Act). Section 6 of the federal Act, 29 U.S.C. § 206, requires employers to make timely payment of wages to employees. There is no doubt that the federal Act applies to employment by state governments, *Parr v. California,* 811 F.Supp. 507 (E.D.Calif.1992); application of the federal Act to the states does not violate the Tenth Amendment. *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). The overriding effect of the federal law upon state law, by virtue of the Supremacy Clause of the United States Constitution art. VI, § 2, has been recognized by this court in requiring that, despite an absence of statutory appropriation authorization, state officials are mandated to continue public assistance payments required by federal law. *Knoll v. White,* 141 Pa.Commonwealth Ct. 188, 595 A.2d 665 (1991), citing *Testa v. Katt,* 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947), and *Coalition v. King,* 654 F.2d 838 (1st Cir.1981).

Section 16 in the federal Act, providing for the payment of liquidated damages, 29 U.S.C. § 216(b), has been held by the United States Supreme Court to constitute Congressional recognition that the duty to pay for work done is time-sensitive; by requiring that double payment must be made in the event of delay, the federal Act makes that conclusion unavoidable. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945).

The latest federal decisions confirm these points. The United States Supreme Court has continued to indicate the applicability of the federal Act to the states, in *Moreau v. Klevenhagen,* —— U.S. ——, 113 S.Ct. 1905, 123 L.Ed.2d 584 (1993), and the requirement that payment be made in timely fashion has been very recently confirmed in *Biggs v. Wilson,* 1991 WL 525200 (No. Civ. S–90–0942–WBS/GGH, E.D.Calif. October 3, 1991).

■ The fundamental principle of the federal law is clear; it embodies the understandable command that employees in general shall not be required to work without compensation. The duty of the Executive Branch, including the Governor, the Budget Office and the State Treasurer, to make payment for the performance of essential work by state employees is therefore undoubted, so that the petitioners here have a clear legal right to implementation of that duty by the extraordinary remedy of mandamus. *Allegheny County v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985).

Accordingly, the power and the duty of the respondents to obey the federal Act, free of concerns for the penalties of the state law thus overridden, is clear, and the requested declaratory judgment and peremptory mandamus must be granted by this court.

To be noted is the point that, although the federal Act covers most of the state employees represented here, section 13(a)(1) of the federal Act, 29 U.S.C. § 213(a)(1), exempts employees in a "bona fide executive, administrative or professional capacity," categories which have been detailed by regulation.

█ Although § 16(b) of the Federal Act also provides for liquidated damages, in the form of double payment of wages, by any "employer who violates" the law, 29 U.S.C. § 216(b), this court finds that such a liability for double payment is not applicable in this case, in view of the diligence with which the respondents have approached the mutual difficulty here present, in order to obviate a violation. Another section of the Federal Act, 29 U.S.C. § 260, provides that the liquidated damages obligation shall not be applicable "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith...." Here it is clear that, lacking any judicial confirmation of the applicable legal obligations in this situation, the respondents have acted in full good faith by their diligence and concern to avoid any violation.

█ Less clear is the matter of employer liability for the attorney's fees of the moving parties, incurred in a proceeding based upon the federal Act. Section 16(b) of the Act, in addition to imposing liability for damages upon an employer who "violates," provides, in a separate sentence, as follows:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.... The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). Although that sentence, as quoted above, itself contains no mention of fault or violation, it rests in a context which plainly involves legal actions against employers *in violation.* The first sentence in the quoted passage states that it deals with an "action to recover the liability prescribed in either of the *preceding sentences* ... against any employer (including a public agency) in any Federal or State court...." (Emphasis added.) The "preceding sentences" expressly and

exclusively refer to situations involving any "employer who violates" sections 6 or 7.

However, this present action clearly is not an enforcement action under § 16(b) to cure and punish a violation, but is one mutually pursuing a declaratory judgment for guidance—no violation having yet occurred.

Hence, the federal Act does not mandate imposition of attorney's fees here, and there is no claim for such additional costs under our state law sanctions relating to counsel fees.

Consequently, this court issues the order which follows, specifically made applicable to the covered categories of employees.

## ORDER

NOW, May 19, 1993, upon consideration of the petitions for review and the applications for relief, by respondents as well as petitioners, together with answers as filed, and the briefs and argument of counsel, it is ORDERED as follows:

1.  In response to the requests for declaratory judgment, the judgment of this court is to declare that, when state employees are required to work at the performance of their job duties, the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., mandates that the Commonwealth, including the Executive Branch respondents here—the Governor and the State Treasurer—shall pay to such employees (other than employees expressly exempted under 29 U.S.C. § 213(a)(1)) their regular salaries and wages from monies actually in the treasury, even though the pertinent fiscal year appropriation line item has been exhausted, because the federal Fair Labor Standards Act, 29 U.S.C. § 206, governs, prevailing by virtue of the Supremacy Clause of the United States Constitution over Pa. Const. art. III, § 24 that requires Pennsylvania legislative appropriation authorization for payments by the Commonwealth;

2.  The federal Act also provides, at 29 U.S.C. § 216(b), that employers who violate the federal Act shall be liable for a

doubled payment of the unpaid wages, but the circumstances of this case do not justify such liquidated damages, in that no violation has yet occurred, and this proceeding therefore is not an enforcement action to cure and punish a violation;

3. In response to requests for summary relief in the nature of peremptory mandamus, the requests are granted and respondents are mandated to continue to meet all salary and wage obligations owed to all Commonwealth employees represented by petitioners (other than those exempted under 29 U.S.C. § 213(a)(1)) on the dates when such obligations become due, for the reasons stated in the declaratory judgment set forth above; and

4. The parties to this action shall each bear their own costs.