Philip Michael LEONARD,
Plaintiff–Appellant,

v.

OHIO BUREAU OF EMPLOYMENT
SERVICES; and Owen Wagner,
Defendants–Appellees.

No. 00–4408.

United States Court of Appeals,
Sixth Circuit.

July 29, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*

PER CURIAM.

Philip Michael Leonard appeals the district court's grant of summary judgment against him in his suit against his former employer, the Ohio Bureau of Employment Services ("OBES" or "Ohio") and his former supervisor, Owen Wagner. In his suit, Leonard alleged that OBES and Wagner discriminated against him by firing him, refusing to accommodate his disability, and retaliating against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), 42 U.S.C. § 1983, and state law. For the reasons that follow, we affirm in part and vacate in part the district court's decision.

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I

Leonard worked for the Occupational Safety and Health Administration ("OSHA") division of the Ohio Department of Industrial Relations ("ODIR") as a Safety and Health Consultant beginning in 1983. In 1987, Leonard was involved in two automobile accidents that he alleges severely aggravated neck and back injuries he had received in an earlier accident. Leonard states that he was out of work for several months in 1987 as a result of the accidents and that during this time he received worker's compensation benefits and was determined to be 41% permanently disabled by the Ohio Industrial Commission. Upon returning to work, Leonard states that he requested and received accommodations for his neck and back injuries, including a flexible work schedule, a schedule that included only limited travel time, an exclusion from ODIR's sick leave policy that counted the number of occasions of illness against the employee, and a larger government-issued work vehicle. Ohio states that at this time, all field employees were provided vehicles, permitted to work flexible schedules, and permitted to work from home; accordingly, Ohio states that it complied with Leonard's requests, but never determined whether or not he was disabled for purposes of the ADA.

In October 1995, ODIR was merged with OBES, and the OSHA division came under the control of OBES and Wagner, an OBES supervisor. Leonard requested the same accommodations from Wagner, but his request was denied. OBES states that Leonard's request was denied because, after the merger, field employees were no longer provided automobiles, permitted to set their own schedules, or permitted to work from home. Leonard contends that Wagner had the power to accommodate him, but chose not to do so.

In November 1995, Leonard wrote a letter of complaint to the Equal Employment Opportunity Commission, contending that he was disabled and that OBES and Wagner were changing his working conditions in order to force him out of his job. In December 1995, Leonard began filing union grievances against Wagner for refusing to accommodate him.

Leonard alleges that over the next year, in retaliation for filing the union grievances, Wagner reported Leonard for various disciplinary infractions, refused to assign him work, and ignored memos sent by Leonard. In January 1997, Leonard was transferred within the OSHA division to a new position in the Public Employee Risk Reduction Program. Leonard alleges that this new position required travel in excess of the two hours per day Leonard's doctor recommended.

About this time, Leonard went to OBES's Equal Employment Opportunity ("EEO") office, complaining of the situation. The office responded with a request for more information. Leonard contends that his doctor responded with a detailed statement of Leonard's physical limitations, but that the EEO office failed to take any further action.

Leonard claims that because of the lack of flexible scheduling in his job, he was forced to use up his accumulated sick leave in order to attend medical appointments and to accommodate flare-ups in his condition. Despite communications with Wagner and the EEO office regarding his need for accommodation in order to do his job, Leonard alleges that he received no relief. As a result, he claims he was forced to stop reporting for work on May 6, 1997. OBES terminated Leonard on July 17, 1997 for being absent without leave and failing to perform his assigned duties.

Leonard filed suit in August 1998, charging OBES with discrimination and retaliation, in violation of the ADA. In March 1999, Leonard amended his complaint to add Wagner as a defendant, to allege that Wagner was personally liable under the ADA, and to allege violations of 42 U.S.C. § 1983 and state law by both OBES and Wagner. Leonard sought compensatory damages from both defendants and punitive damages from Wagner. Leonard did not specify whether his § 1983 suit was against Wagner in his official or individual capacity.

OBES and Wagner filed a motion for summary judgment, seeking dismissal of all of Leonard's claims. Leonard responded and filed simultaneously his own motion for partial summary judgment. The parties then filed supplemental briefs addressing sovereign immunity under the ADA in the wake of the Supreme Court's decision in *Kimel v. Florida Board of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (holding that Congress could not abrogate states' sovereign immunity under the Age Discrimination in Employment Act and calling into question the propriety of abrogation under the ADA).

In June 2000, the district court issued a memorandum and order, granting in part the defendants' motion for summary judgment and denying Leonard's motion. Importantly, the court dismissed Leonard's § 1983 claims against both OBES and Wagner. First, the court explained that states can not be sued directly under § 1983; for this reason, the court dismissed Leonard's claim against OBES. With respect to Wagner, the court noted that Leonard had failed to state whether he was suing him under § 1983 in his official or individual capacity. The court wrote that absent a statement to the contrary, state officials are deemed to be sued in their official capacity. Since the Eleventh Amendment protects state officials from being sued in their official capacity for monetary damages and Wagner sought only monetary damages in his suit, the court dismissed Leonard's § 1983 claim against Wagner as well. The court also dismissed Leonard's state law claims against both OBES and Wagner. Finally, the court dismissed Leonard's ADA claim against Wagner, holding that Wagner is not an employer for ADA purposes and is therefore not amenable to suit personally under the act. However, the court held Leonard's ADA claim against OBES in abeyance, pending resolution by the Supreme Court or the Sixth Circuit of the issue of state sovereign immunity under the ADA.

Leonard filed a motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e). In it, Leonard sought to amend his complaint to seek reinstatement as a remedy in his § 1983 action against OBES, and to amend his complaint to allege more specifically a § 1983 claim against Wagner in his personal capacity. The court denied Leonard's motion. Then, in a separate memorandum and order issued soon thereafter, the district court dismissed Leonard's ADA claim against OBES, citing this court's initial decision in *Popovich v. Cuyahoga County Court of Common Pleas,* 227 F.3d 627 (6th Cir.2000) (holding that states are immune from liability under Title II of the ADA), *rev'd en banc,* 276 F.3d 808 (2002). Having disposed of all of Leonard's claims, the court dismissed Leonard's suit.

Leonard timely appealed to this court; however, the parties agreed to stay the appeal pending the Supreme Court's decision in *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). After the Court made clear in *Garrett* that Con-

gress could not abrogate states' immunity from employment discrimination suits under the ADA, the parties continued this appeal. In it, Leonard contends that the district court erred in dismissing his ADA and § 1983 claims without affording him the opportunity to amend his complaint to add a claim for prospective relief. Further, Leonard argues that the court erred in refusing to read his § 1983 claim against Wagner as one against Wagner as an individual.

## II

### The District Court's Denial of Leonard's Motion to Alter or Amend Judgment

As noted above, the district court dismissed Leonard's § 1983 claims on sovereign immunity grounds. Specifically, the court cited *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), for the proposition that neither a state nor its officials acting in their official capacity are amenable to suit for money damages under § 1983. *See id.* at 64 (state), 70–71, 109 S.Ct. 2304 (officials). After this disposition, Leonard filed a Rule 59(e) motion to amend judgment. *See* FED. R. CIV. P. 59(e). In relevant part, Leonard sought permission to amend his complaint to allege reinstatement as a remedy against OBES, arguing that this would save his § 1983 claim from dismissal on sovereign immunity grounds. The district court, however, denied Leonard's motion.

On appeal, Leonard argues that the district court erred in dismissing his § 1983

claims against OBES and Wagner and his ADA claim against OBES,[1] without first giving him the opportunity to amend his complaint to seek reinstatement as a remedy for those claims. He contends that permission to amend his complaint to seek reinstatement was appropriate because the defendants never brought up sovereign immunity as a bar to his § 1983 claims in their filings with the district court; instead, the issue was brought up for the first time in the district court's summary judgment memorandum.[2] Further, Leonard claims that he sought reinstatement throughout the proceedings, so his failure to include it as a claim in his complaint should not have been dispositive. Finally, Leonard argues that the district court erred in failing to give a reason for its denial of Leonard's motion seeking leave to amend his complaint.

Though stated in different ways throughout his brief, Leonard's first argument on appeal is best read as a challenge to the district court's denial of his Rule 59(e) motion, which sought permission to amend his § 1983 claim to seek reinstatement as a remedy against OBES. This court applies an abuse of discretion standard in reviewing district court decisions granting or denying leave to amend the pleadings. *See Moore v. Paducah,* 790 F.2d 557, 559 (6th Cir.1986). For the purpose of considering whether the district court abused its discretion in this case, it is useful to divide Leonard's argument into three parts.

First, Leonard argues that he should have been permitted to amend his com-

---

1. Leonard does not challenge on appeal the district court's dismissal of his ADA claim against Wagner in his personal capacity.

2. Leonard does not develop this argument in his brief to this court. However, to the extent that Leonard contends that the district court

erred in raising and deciding the sovereign immunity issue *sua sponte,* his argument is not well taken. *See Mixon v. Ohio,* 193 F.3d 389, 397 (6th Cir.1999) (federal courts may *sua sponte* raise the question of sovereign immunity from suit).

plaint to seek reinstatement as a remedy for his § 1983 claim against Wagner. However, a review of Leonard's motion to alter filed in the district court makes clear that he never asked the district court to allow him to seek reinstatement as a remedy for his claims against Wagner. Leonard, in his memorandum in support of his motion to alter judgment, only sought permission to seek reinstatement against OBES; indeed, it never mentioned Wagner in this regard. *See, e.g.,* Memorandum in Support of Plaintiff's Motion to Alter or Amend Judgment at 8 ("Plaintiff respectfully requests that this Court permit him to amend his complaint to add reinstatement as a specific (and only) remedy sought for the § 1983 action *against OBES.*") (emphasis added). This is understandable; as will be discussed below, Leonard argued convincingly—both before the district court and before this court— that he sued Wagner in his *individual* capacity, rather than in his *official* capacity. It therefore makes sense that Leonard would not have sought to add reinstatement as a remedy in his suit against Wagner, since, in his individual capacity, Wagner was powerless to reinstate Leonard. It can hardly be an abuse of discretion for the district court to have failed to grant a request not made to it, and this court ordinarily does not address issues raised for the first time on appeal. *See Elkins v. Richardson–Merrell, Inc.,* 8 F.3d 1068, 1072 (6th Cir.1993).

■ The second part of Leonard's argument is that the district court abused its discretion in denying him permission to do the only thing he actually asked for permission to do—amend his § 1983 action against OBES to seek reinstatement. However, this amendment would have been futile, because "Eleventh Amendment immunity bars all suits, whether for injunctive or monetary relief, against the state and its departments." *Cox v. Kentucky DOT,* 53 F.3d 146, 152 n. 2 (6th Cir.1995) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)).

The final part of Leonard's argument is that he should have been permitted to amend his complaint to seek reinstatement in order to save his ADA claim against OBES. However, because Eleventh Amendment immunity bars all suits against OBES, *ibid.,* adding reinstatement as a remedy would not make that claim viable.

We therefore must reject Leonard's argument that the district court abused its discretion in denying him permission to amend his complaint. His motion did not request permission to make the amendment that might have kept his case alive, and the amendment that Leonard did request permission to make would have been futile.

We pause here to address one final argument Leonard makes in his brief to this court. Leonard points to the Third Circuit's decision in *Balgowan v. New Jersey,* 115 F.3d 214 (3rd Cir.1997), as persuasive support for his contention that this court should permit him to amend his complaint at the appellate level in order to make his claims viable, without regard to what occurred at the trial court level. The Supreme Court's decision in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), came out while *Balgowan* was on appeal and it operated to divest the federal courts of jurisdiction over the plaintiffs' monetary claims made against the state. *See Balgowan,* 115 F.3d at 217. Given that *Seminole* "abruptly changed the law regarding Eleventh Amendment immunity," *id.* at 216, the Third Circuit permitted the plaintiffs to amend their complaint at the appellate level to seek prospective relief. Spe-

cifically, the court wrote, "given the change in the law effected by Seminole, we would be hard-pressed to fault the [plaintiffs] for not having moved to amend the complaint sooner." *Id.* at 217.

*Balgowan* does not help Leonard. It is true that the Supreme Court's decision in *Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), came out while Leonard's case was on appeal and changed the law with regard to the ADA. However, *Garrett* was hardly the sea change that *Seminole* was; in fact, OBES had been arguing that it was immune from suit for money damages under the ADA throughout the pendency of the case. Accordingly, Leonard had ample time and warning to seek amendment from the district court in order to save his ADA claims. More importantly, however, as discussed above, amending Leonard's ADA claim against OBES to seek prospective relief would not have saved that claim. Finally, *Balgowan* provides absolutely no support for allowing Leonard to amend his § 1983 claims on appeal, because neither *Garrett* nor any other recent Supreme Court decision has changed the qualified immunity calculus applicable to those claims.

*The District Court's Refusal to Read Leonard's § 1983 Claim Against Wagner as One Against Wagner as an Individual*

■ The district court noted that Leonard's amended complaint failed to specify whether he was suing Wagner in his official or individual capacity and cited *Wells v. Brown,* 891 F.2d 591, 593 (6th Cir.1989), for the proposition that in the absence of specificity, an official will be deemed to have been sued in his official capacity. Recognizing that Leonard had sought only monetary damages, and that officials can not be so sued in their official capacity, *see Will,* 491 U.S. at 70–71, the court dis-

missed Leonard's § 1983 claim against Wagner.

Leonard argues on appeal that the district court erred in refusing to read his § 1983 claim as one against Wagner in his individual capacity, because Wagner was on notice that he was being so sued. Leonard is correct in contending that Wagner was on notice; though it is true that Leonard did not clearly specify capacity in his complaint, the pleadings in this case are rife with indications that Leonard intended to sue Wagner in his individual capacity and that Wagner knew it. First, in his amended complaint, Leonard alleged twice that Wagner acted with "wanton, wilful, intentional and/or reckless disregard for [Leonard's] rights...." Further, Leonard sought punitive damages against Wagner. In the defendants' answer to Leonard's amended complaint, Wagner alleged qualified immunity as an affirmative defense, something only applicable in a suit against Wagner in his individual capacity. Finally, in the defendants' motion for summary judgment, the defendants referred to "individual defendant Owen Wagner...."

The district court in this case appears to have believed that, pursuant to this court's *Wells* decision, the fact that Leonard failed to state specifically in his complaint that he was suing Wagner in his individual capacity was necessarily fatal to that claim. Though other courts have read *Wells* similarly, *see, e.g., Biggs v. Meadows,* 66 F.3d 56, 60 (4th Cir.1995), this court in a recent *en banc* decision disavowed such a per se rule. *See Moore v. City of Harriman,* 272 F.3d 769, 772 (6th Cir.2001). In that decision, the court wrote of *Wells,* "we find the more reasonable interpretation to be that § 1983 plaintiffs must clearly notify defendants of the potential for individual liability and must clearly notify the court of its basis for jurisdiction." *Id.* at 773. In this

case, there is no doubt but that Wagner was on notice that he was being sued in his individual capacity and the district court was on notice about the basis for its jurisdiction. Because the district court erred in refusing to read Leonard's § 1983 claim against Wagner as one against him in his individual capacity, we must vacate this part of the court's order and remand for further proceedings.

OBES and Wagner argue extensively in their brief to this court that there are grounds upon which this court should dismiss Leonard's § 1983 claim against Wagner, even if the court holds that the claim should have been read as one against Wagner as an individual. Specifically, they contend that Leonard's allegations of due process and equal protection violations are not sufficient (and are not sufficiently supported by evidence) to withstand summary judgment. The defendants also argue that Wagner is protected in this case by qualified immunity.

However, a review of the defendants' memorandum in support of their motion for summary judgment reveals that the defendants mentioned the insufficiency of Leonard's allegations only cursorily and never argued qualified immunity. Further, due to the district court's refusal to read Leonard's complaint as stating a claim against Wagner in his personal capacity, the district court has not had the opportunity to address clearly the claim or the defendants' challenges to it. Therefore, we decline to address those challenges now; Wagner and Leonard will have the opportunity to raise and respond to them before the district court on remand.

### III

For the foregoing reasons, we AFFIRM in part and VACATE in part the district court's decision. We remand the case for consideration of Leonard's § 1983 claim against Wagner in his individual capacity.